# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.                                                        CR. No. 16-2389 JCH

**ANTHONY GAMBINO,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendant's *Opposed Motion to Continue the Order of Self-Surrender* [Doc. 57]. The Government has filed a response [Doc. 59]; Defendant has not filed a reply.

Defendant has been convicted of violating 18 U.S.C. § 922(g)(1) (possession of a firearm or ammunition by a convicted felon) and 18 U.S.C. § 704(b) (fraudulent representations about receipt of military medals or decorations). [Doc. 58] On November 9, 2017, the Court sentenced the Defendant to six months incarceration on each count (to run concurrently), as well as three years of supervised release. The Court also permitted Defendant to voluntarily surrender himself to the custody of the United States Marshal.

The question raised by the pending motion is whether the Court should grant Defendant's request to extend the time before he must surrender until August 1, 2018 in order to permit Defendant to take a job in the state of New York. Defendant argues that this job will permit him to earn money to support his wife and children while he is incarcerated. He contends that as he is

the sole support for his family, the circumstances of his incarceration constitute an "exceptional family situation" justifying the postponement of his surrender. Defendant cites no statutes in support of his request. In response, the Government contends that the need to work to support dependents, far from being an exceptional circumstance, is in fact a very common scenario for those convicted of felony crimes. In addition, the Government contends that this Court lacks jurisdiction to defer implementation of its sentence of imprisonment.

The Court concludes that it need not reach the specifics of the Government's jurisdictional argument because the Defendant has failed to cite authority which allows the Court, in the absence of a pending appeal, to postpone a sentence of imprisonment. Further, even if the Court has jurisdiction and statutory authority to grant the relief Defendant requests, Defendant has failed to show that the current circumstances are "exceptional." Gambino relies upon *United States v. Loera*, 2017 WL 3098257, *26 (D.N.M. 2017) (unpublished) (Browning, J.), in which the district court stated that "an exceptional family situation may arise 'when the defendant is raising small children by himself or herself, and the children have special needs for which only the defendant can provide.'" *Id*. (quoting *United States v. Rodella*, 101 F. Supp. 3d 1075, 1137 (D.N.M. 2015) (Browning, J.). Defendant states that he has three children. Specifically, he states that he has two children from a previous marriage, one of whom is disabled because of a traumatic brain injury, as well as one newborn son with his current wife, who also must care for her own mother while she is treated for cancer. While the Court agrees that these appear to be difficult family circumstances, based on the information presented by Defendant it does not rise to the exceptional situation contemplated in *Rodella*. First, all three children have mothers who can care for them while their father is in prison. While this is undoubtedly a hardship on the mothers, that it almost always the case when a felon with young

children is sent to prison. That is not unusual. Second, Defendant has provided the Court with little to no information about the nature and severity of his son's disability, the care that his son needs, or the costs associated with that care. Based on this record, the Court can find no valid basis to grant Defendant's request.

**IT IS THEREFORE ORDERED** that Defendant's *Opposed Motion to Continue the Order of Self-Surrender* [Doc. 57] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**